882 F.2d 294
 Randy ROACH, Appellant,
v.
The CITY OF FREDERICKTOWN, MISSOURI, and Police Officer
Kenneth Rowland Truska, Appellees.
Walter E. KELLER and Audrey A. Keller, Appellants,
v.
Kenneth TRUSKA, individually and as police officer of the
City of Fredericktown, Mo.; Jerry Umfleet, individually and
as City Marshal of the Police Department of the City of
Fredericktown; and City of Fredericktown, Mo., Appellees.
 Nos. 88-2466, 88-2467.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1989.
Filed Aug. 9, 1989.
 
 James Hullverson, St. Louis, Mo. and Michael H. Maguire, Cape Girardeau, Mo., for appellants.
 John F. Cooney, St. Louis, Mo., for appellees.
 Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* District Judge.
 BEAM, Circuit Judge.
 
 
 1
 Randy Roach and Walter and Audrey Keller appeal the dismissal of their respective actions against the City of Fredericktown and Kenneth Truska. We affirm.
 
 I. Background
 
 2
 On July 4, 1986, Kenneth Truska, a Fredericktown, Missouri police officer, observed a car coming out of an alley in Fredericktown near where there had been several recent break-ins. Randy Roach was a passenger in the car which was being driven by James Adams. Truska ran a cross-check on the car and discovered that the license plates on the Adams car were registered to a car with a description different from the one being driven by Adams. At that time Truska signaled the vehicle to pull over and stop. He did this by activating his red flasher lights. Adams did not respond to Truska's signal and, instead, accelerated, apparently to flee arrest.
 
 
 3
 Truska pursued the Adams car outside the city limits of Fredericktown. The pursuit ended when Adams lost control of the car and collided with an oncoming car containing Walter and Audrey Keller. Truska came upon the scene and collided with the debris from the first accident. As a result of the two collisions, Adams died and Roach and the Kellers were seriously injured.
 
 
 4
 Roach and the Kellers brought separate suits against Truska and the city of Fredericktown in the district court, alleging violations of rights actionable under 42 U.S.C. Sec. 1983 (1982). The district court dismissed each case for failure to state a claim.[1] The cases have been consolidated for purposes of appeal.[2]
 
 II. Discussion
 A. Unreasonable seizure
 
 5
 Roach asserts that the pursuit of Adams' car amounted to an unreasonable seizure thereby violating his fourth amendment rights. Roach claims that by flashing the lights on the police car, Truska, in effect, arrested Adams and therefore "seized" him. The seizure, Roach argues, was unreasonable because the force used to effectuate it was excessive.
 
 
 6
 The Supreme Court recently reviewed the issue of whether pursuit by an officer which ends in a collision constitutes seizure. Brower v. County of Inyo, --- U.S. ----, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). In Brower, the plaintiff's decedent was killed when the car he was driving struck a police roadblock. The Court held that the use of a roadblock constituted a seizure within the meaning of the fourth amendment because "a roadblock is not just a significant show of authority to induce a voluntary stop, but is designed to produce a stop by physical impact if voluntary compliance does not occur." Id. 109 S.Ct. at 1382.
 
 
 7
 However, the pursuit of Adams and Roach by Truska does not rise to the level of a seizure under the fourth amendment. The Court stated in Brower that a fourth amendment seizure does not occur "whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied. " Id. at 1381 (emphasis in original). Although Adams was not a fleeing felon (the suspected crime for which Truska pursued the Adams' vehicle was mismatched plates, a misdemeanor), this does not affect the outcome of the analysis under Brower. Truska did not intend for the pursuit to end by means of an accident with another vehicle. The collision was not the means intentionally applied, as a roadblock would be.[3] Consequently, we find that no seizure occurred.
 
 B. Excessive use of force
 
 8
 The Kellers claim that Truska used excessive force in his pursuit of Adams and thereby violated the Kellers' fourteenth amendment right to be free from unreasonable interference. The Kellers allege that the force used by Truska was unreasonable under the circumstances and point to the following facts to support their claim: (1) Truska was in high speed pursuit of someone who had committed only a traffic offense; (2) Truska pursued the car outside the city limits and outside his jurisdictional limits in violation of city policy; and (3) Truska pursued Adams without activating his siren in violation of state law. The district court found that "[t]he conduct of Truska in pursuing Adams was not of the 'egregious or reckless' type that would amount to a constitutional violation for excessive force." Keller v. Truska, 694 F.Supp. 1384, 1386 (E.D.Mo.1988) (citations omitted); Roach v. City of Fredericktown, 693 F.Supp. 795, 796 (E.D.Mo.1988) (citations omitted).
 
 
 9
 The Supreme Court recently reiterated that section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Graham v. Connor, --- U.S. ----, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979). Therefore, we must first determine the specific constitutional right allegedly infringed by Truska before we can reach the question of whether the actions by Truska violated that right and deprived the Kellers of a constitutional protection. Because the Kellers' claim of excessive force arises in the context of an arrest or investigatory stop, the claim "is most properly characterized as one invoking the protections" of the fourth amendment's prohibition against unreasonable search and seizure. Graham, 109 S.Ct. at 1871. "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard." Id. at 1870 (citations omitted). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing ' "of the nature and quality of the intrusion on the individual's Fourth Amendment interests" ' against the countervailing governmental interests at stake." Id. at 1871 (quoting Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985)).
 
 
 10
 Our review of the facts in this case leads us to conclude that the district court was correct in dismissing the Kellers' cause of action. We find that Truska's use of high speed pursuit was reasonable under the circumstances. He had been alerted that the license plate on the Adams car was not registered to that car. Truska attempted to stop the vehicle, and when Adams refused to stop, Truska pursued the car.
 
 
 11
 We recognize that once the pursuit left the limits of the city of Fredericktown that Truska had no authority, as a police officer for Fredericktown, to arrest Adams. City of Fredericktown v. Bell, 761 S.W.2d 715, 717 (Mo.App.1988). Even so, we find no statute which makes it a violation of Missouri law for Truska to continue his pursuit of the Adams vehicle, perhaps with the intent of contacting authorities with the power to effectuate the arrest.
 
 C. Negligence
 
 12
 Both Roach and the Kellers allege that they were denied due process because of Truska's negligence in pursuing the Adams vehicle. The plaintiffs characterize Truska's actions as conduct which "shocks the conscience." This court held in Myers v. Morris, 810 F.2d 1437, 1468 (8th Cir.), cert. denied, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987), that "negligent or 'grossly negligent' conduct does not state a claim under 42 U.S.C. Sec. 1983." (citation omitted). The district court held that the allegations of negligence by the plaintiffs did "not rise to the level of conduct that would be actionable under Sec. 1983." Keller, 694 F.Supp. at 1388; Roach, 693 F.Supp. at 799. We agree. Truska's conduct does not rise to the level of gross negligence and, therefore, most certainly does not rise to the level of conduct which would sustain a claim under section 1983.
 
 D. Inadequate training
 
 13
 Roach and the Kellers allege that Fredericktown inadequately trained their law enforcement personnel and as a result of that inadequate training, the plaintiffs' constitutional rights were violated by the City. The plaintiffs claim that the municipality had no real training or policies which dealt with high speed pursuit or when such pursuit should be undertaken or abandoned.
 
 
 14
 The district court held that because the plaintiffs had not proven that specific constitutional rights were violated, there could be no municipal liability. We agree.
 
 
 15
 The plaintiffs cite City of Canton v. Harris, --- U.S. ----, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), in support of their contention that municipal liability may exist even where the municipal employee is not found to have violated the plaintiff's constitutional rights. In City of Canton, the Court held "that the inadequacy of police training may serve as the basis for Sec. 1983 liability * * * where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. 109 S.Ct. at 1204 (footnote omitted). Although the Court does not discuss in detail the underlying constitutional violation and its interplay with the adequacy of training issue, the Court stated at the outset that its task in this case was to determine "if a municipality can ever be held liable under 42 U.S.C. Sec. 1983 for constitutional violations resulting from its failure to train municipal employees."[4] Id. at 1200 (footnote omitted). Thus, it is clear that the Court recognized that in order for municipal liability to attach in a situation such as this, there must first be an underlying violation of the plaintiff's constitutional rights by a municipal employee (for whose actions the City is, presumably, to be held accountable). See also City of Oklahoma City v. Tuttle, 471 U.S. 808, 824-25 n. 8, 105 S.Ct. 2427, 2436 n. 8, 85 L.Ed.2d 791 (1985). In this case we have found no such violation, therefore, Fredericktown cannot be held liable for inadequate training.
 
 III. Conclusion
 
 16
 For the foregoing reasons, the decision of the district court is affirmed.
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The district court rendered one opinion although the two cases were separately docketed in the district court. The opinion appears as Keller v. Truska, 694 F.Supp. 1384 (E.D.Mo.1988) and Roach v. City of Fredericktown, 693 F.Supp. 795 (E.D.Mo.1988). For purposes of this opinion, both citations will be provided
 
 
 [3]
 Brower points out that determining that a roadblock is a fourth amendment seizure does not end the inquiry in a typical section 1983 case. A constitutional violation requires, of course, an "unreasonable" seizure, thus the placement of a particular roadblock may become crucial in the ultimate outcome of the action. 109 S.Ct. at 1382-83
 
 
 [4]
 In City of Canton, Mrs. Harris alleged a failure to provide her, a pretrial detainee, with necessary medical attention while in police custody. She specifically sought to hold the city liable under 42 U.S.C. Sec. 1983 because of violations of her due process rights as guaranteed by the fourteenth amendment. She cited a lack of training of city employees with regard to the employees providing needed medical services to such detainees