905 F.2d 1445
 John APODACA, Individually and as Personal Representative of
the Estate of Theresa Apodaca, Deceased; Lorraine
Apodaca, Plaintiffs Appellants,
v.
RIO ARRIBA COUNTY SHERIFF'S DEPARTMENT; The County of Rio
Arriba; The Rio Arriba Board of County Commissioners;
Adelinda G. Martinez, Personal Representative of the Estate
of Benigno (Ben) F. Martinez; Emilio Naranjo, Individually
and in his Official Capacity as Rio Arriba County Manager;
Delaino Romero, Individually and in his Official Capacity as
a Rio Arriba County Deputy Sheriff, Defendants-Appellees.
Earl APODACA; Janet Apodaca, Plaintiffs-Appellants,
v.
RIO ARRIBA COUNTY SHERIFF'S DEPARTMENT; The County of Rio
Arriba; The Rio Arriba Board of County Commissioners;
Adelinda G. Martinez, Personal Representative of the Estate
of Benigno (Ben) F. Martinez; Emilio Naranjo, Individually
and in his Official Capacity as Rio Arriba County Manager;
Delaino Romero, Individually and in his Official Capacity as
a Rio Arriba County Deputy Sheriff, Defendants-Appellees.
 Nos. 88-1595, 88-1910.
 United States Court of Appeals,
Tenth Circuit.
 June 19, 1990.
 
 Richard Rosenstock, Chama, N.M. (Robert R. Rothstein of Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, N.M., with him on the briefs), for plaintiffs-appellants.
 Douglas A. Baker (Benjamin Silva, Jr., with him on the brief), James H. Johansen of Butt, Thornton & Baehr, Albuquerque, N.M., for defendants-appellees Rio Arriba County Sheriff's Dept., Rio Arriba County, Rio Arriba Bd. of County Com'rs, Emilio Naranjo and Delaino Romero.
 M. Karen Kilgore and David F. Cunningham of White, Koch, Kelly & McCarthy, Santa Fe, N.M., filed a brief on behalf of defendant-appellee Adelinda G. Martinez, Personal Representative of the Estate of Benigno (Ben) F. Martinez.
 Before HOLLOWAY, Chief Judge, LOGAN, Circuit Judge, and BROWN, District Judge.*
 LOGAN, Circuit Judge.
 
 
 1
 This is the consolidated appeal of two cases arising out of a collision between defendant Delaino Romero, a Rio Arriba County deputy sheriff, and plaintiffs' decedent Theresa Apodaca (Theresa). Theresa's parents, plaintiffs John and Lorraine Apodaca, filed an action pursuant to 42 U.S.C. Sec. 1983 alleging that Romero, Rio Arriba County, and other county officers deprived Theresa of her life without due process of law, that Romero seized her unreasonably and with excessive force in violation of the Fourth and Fourteenth Amendments, and that the plaintiff parents were deprived of their right to associate with their daughter guaranteed by the First and Fourteenth Amendments.[1] Plaintiffs Earl and Janet Apodaca, siblings of the decedent, allege only that they were deprived of their right to intimate familial association. The district court granted summary judgment in favor of the defendants on plaintiffs' due process claims, and dismissed plaintiffs' First and Fourth Amendment claims.[2] 647 F.Supp. 752. We affirm.
 
 
 2
 We review the granting of summary judgment and dismissal de novo, applying the same standard as the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990); Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). Summary judgment is to be granted if no material issues of fact remain, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We presume all allegations reasonably pleaded are true. In dealing with each kind of motion we resolve all conflicts in favor of the party resisting the motion. Morgan, 792 F.2d at 978; Abercrombie, 896 F.2d at 1230.
 
 
 3
 * Deputy Romero was responding to a silent burglar alarm at an automobile dealership when his marked police car collided with Theresa's car, as she was leaving the parking lot of a restaurant. Accepting the plaintiffs' version of the facts, we assume that Romero was driving 55-65 miles per hour around a blind curve on which the regular speed limit was 35 miles per hour. It was after midnight, and had been raining and sleeting. Romero was not using his siren or flashing lights. Theresa was making a left turn out of the restaurant parking lot, when Romero rounded the curve and crashed into her car broadside.
 
 
 4
 * Negligence and Due Process
 
 
 5
 Plaintiffs assert that Romero's negligent driving, under color of state law, deprived Theresa of her right to life without due process.[3] There is no dispute that Romero was acting under color of state law when the accident occurred.
 
 
 6
 We agree with the defendants that negligent operation of a vehicle by a police officer does not rise to the level of a constitutional violation. The Supreme Court has drawn a distinction between constitutional violations and torts which just happen to be committed by public officials. See Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976) (distinguishing between torts and constitutional violations); Parratt v. Taylor, 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981) (same); Daniels v. Williams, 474 U.S. 327, 332-33, 106 S.Ct. 662, 665-66, 88 L.Ed.2d 662 (1986) (same). See also Hewitt v. City of Truth or Consequences, 758 F.2d 1375, 1379-80 (10th Cir.) (negligent conduct not constituting abuse of official power), cert. denied, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985). Collisions between police vehicles and others caused by police negligence clearly fall on the "tort" side of the line. Paul, 424 U.S. at 698-99, 96 S.Ct. at 1159-60; Parratt, 451 U.S. at 544, 101 S.Ct. at 1917. This holding comports with the views of other circuits. See Cannon v. Taylor, 782 F.2d 947, 949-50 (11th Cir.1986) (police cruiser collides with bystander's car); see also Roach v. City of Fredericktown, 882 F.2d 294, 297 (8th Cir.1989) and Jones v. Sherrill, 827 F.2d 1102, 1106-07 (6th Cir.1987) (police chasing suspect whose car collides with bystander's car).[4]
 
 B
 Illegal Seizure
 
 7
 Plaintiffs argue that Romero's actions constituted an unlawful seizure of Theresa in violation of the Fourth Amendment, applicable to the states through the Fourteenth Amendment. This argument misperceives the nature of what constitutes a "seizure" for Fourth Amendment purposes. The Supreme Court has recently clarified the issue in a manner favorable to the defendants' position.
 
 
 8
 In Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), the Supreme Court held that a seizure must be "willful" to be actionable under the Fourth Amendment. 109 S.Ct. at 1381. The Court carefully distinguished between accidental and intentional detentions. Only unreasonable intentional detentions violate the Constitution. Id. at 1382. An action may lie for one intentionally but wrongly seized, see Jamieson v. Shaw, 772 F.2d 1205, 1209-10 (5th Cir.1985) (passenger in car stopped by roadblock was seized for constitutional purposes because officers intended to stop car); however, one seized unintentionally does not have a constitutional complaint. Brower, 109 S.Ct. at 1381. There is no allegation here that Romero intended to stop either Theresa or her car; therefore, she was not unlawfully seized for Fourth Amendment purposes.
 
 
 9
 Because plaintiffs have alleged no federal constitutional violations, we need not address the plaintiffs' claims against the sheriff's department, county, and other officers in their official capacities. Roach, 882 F.2d at 297-98. When there is no underlying constitutional violation by a county officer, there cannot be an action for failing to train or supervise the officer. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986).
 
 II
 
 10
 Plaintiffs urge us to reconsider our decision in Trujillo v. Board of County Commissioners, 768 F.2d 1186 (10th Cir.1985), which required evidence of an intent to interfere with a protected relationship before a relative of a person injured or killed by a state actor could sustain a Sec. 1983 claim premised on a violation of the First Amendment's guarantee of freedom of association. In formulating its intent requirement, the Trujillo opinion expressly considered a situation like the one at bar, noting that without an intent requirement, state actors could be liable to a parent whose child is killed in an automobile accident resulting from the negligence of a state official. 768 F.2d at 1190. Contrary to plaintiffs' arguments, the Supreme Court's recent cases requiring proof of more than negligence to support a Sec. 1983 action premised on the Due Process Clause are harmonious with the precedent of this circuit, including Trujillo, and we do not reconsider it at this point. Indeed, we have recently followed and reapplied the principles of Trujillo. See Archuleta v. McShan, 897 F.2d 495 (10th Cir.1990); Bryson v. City of Edmond, 905 F.2d 1386 (10th Cir.1990).
 
 
 11
 Accordingly, the district court's grant of summary judgment on the issue of due process and its dismissal of the plaintiffs' claims premised on the First, Fourth and Fourteenth Amendments are AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 The due process and illegal seizure claims were brought on behalf of Theresa's estate by John Apodaca, personal representative of the estate. The intimate familial association claim was brought by Theresa's parents in their own right
 
 
 [2]
 The district court's dismissal of pendent state claims was also originally on appeal to this court. By stipulation, however, the parties have dismissed that portion of the appeal
 
 
 [3]
 Plaintiffs allege that Romero's actions exceeded bare negligence and were reckless and wanton. In whatever manner plaintiffs attempt to dress up their claims, their cases come down to allegations that Romero was driving too fast for the road and visibility conditions. At most, therefore, plaintiffs' allegations are grounded in negligence
 We note that, as a practical matter, any risks created by Romero for bystanders like Theresa are reciprocally created for himself. As such it is hard to imagine Romero being truly indifferent to the risks he was creating, which is a necessary characteristic of recklessness. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts, Sec. 34, at 213 (5th ed. 1984) (reckless act is one done "in disregard of a known or obvious risk" likely to result in harm); Model Penal Code Sec. 2.02(2)(c) (1985) (defining recklessness as conscious disregard of substantial and unjustifiable risk).
 
 
 [4]
 We note that New Mexico police officers are not shielded from tort liability for reckless driving. The same statute that permits officers to exceed the speed limit in the course of their duties, provides for liability for injury arising from unjustified risks caused by officers. See N.M.Stat.Ann. Sec. 66-7-6 (allowing an emergency vehicle to disregard posted speed limits but not protecting driver from "consequences of his reckless disregard for safety of others.") Thus the fact that officers are permitted to drive in excess of the speed limit does not constitute an arbitrary use of government authority; it is carefully circumscribed by state law