**James CAMPBELL and Lois Campbell, as Co–Administrators for the Estate of Ronald J. Campbell, Deceased, Plaintiffs–Appellees,**

v.

**Colin F. WHITE, Defendant–Appellant.**

No. 89–1132.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1990.

Decided Oct. 24, 1990.

Joseph Phebus, Phebus, Tummelson, Bryan & Knox, Urbana, Ill., for plaintiffs-appellees.

Scott D. Spooner, Asst. Atty. Gen., Heyl, Royster, Voelker & Allen, Springfield, Ill., for defendant-appellant.

Before WOOD Jr. and EASTERBROOK, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

## FACTUAL BACKGROUND

At approximately 11:37 p.m. on May 25, 1985, Illinois State Trooper Colin White was sitting in his squad car in the median of Interstate 72 when he observed motorcyclists Ronald Campbell and James Miller approaching in an easterly direction at a speed well in excess of the posted 55 mile per hour limit. Officer White began a high-speed pursuit of Campbell and Miller without the benefit of either oscillating lights or siren, reaching a speed in excess of 100 miles per hour. Campbell and Miller were apparently unaware of Officer White's presence in the median, or of the fact that they were being pursued.

Officer White subsequently lost sight of the taillights on the two motorcycles as they started into a long sweeping curve. During that period of time, Campbell lost control of his motorcycle, traveled into the median, and walked back onto the highway. As Officer White passed another vehicle, he suddenly observed Campbell standing in the passing lane. Although White attempt-

---

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

ed to avoid Campbell, his efforts were of no avail; Campbell was subsequently struck and killed.

## PRIOR PROCEEDINGS

James and Lois Campbell, as co-administrators of Ronald Campbell's estate, filed suit against Officer White under 42 U.S.C. § 1983. Plaintiffs contend that Officer White violated the decedent's Fourth Amendment right to be free from unreasonable seizure when he struck and killed Campbell during the course of a high-speed pursuit which was conducted without the use of oscillating lights and siren in violation of state law.[1]

Officer White filed a motion for summary judgment under Fed.R.Civ.P. 56 contending that the decedent, Ronald Campbell, had not been "seized" within the meaning of the Fourth Amendment; that his high-speed pursuit of Campbell did not contravene a "clearly established" constitutional right; and that as a police officer acting within the scope of his employment he had a qualified immunity from suit. The district court addressed the issues raised by White in a series of collateral orders issued between January 11, 1989 and August 23, 1989, concluding in each that summary judgment was inappropriate. White appeals the denial of his Rule 56 motion.

## STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." While our review of a district court's grant or denial of summary judgment is *de novo*, we view the record and all reasonable inferences which may be drawn therefrom in a light which is most favorable to the non-moving party.

*Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## DISCUSSION

On appeal, White renews the arguments that he made at the district court level, contending that Campbell had not been "seized" within the meaning of the Fourth Amendment; that his actions on the night of May 25, 1985 did not violate a "clearly established, sufficiently particularized" constitutional right; and that he was entitled to assert the defense of qualified immunity. We find the first issue dispositive, and accordingly limit our discussion to that issue.

The district court's analysis of Officer White's Rule 56 motion presumed the existence of a seizure, and focused on the question of whether White's actions were "objectively reasonable" under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1871–73, 104 L.Ed.2d 443 (1989). The court found that there had been a long-standing prohibition against the use of excessive force in the seizure of a "fleeing misdemeanant" such as Campbell and that a genuine issue of material fact therefore existed as to whether Officer White's high-speed pursuit of a mere traffic offender, absent the use of a siren or oscillating lights, was objectively reasonable. Concluding in summary fashion that there was no basis for White's claim of qualified immunity, the district court denied the motion for summary judgment.

To presume the existence of a seizure under the circumstances presented in this case ignores the distinction that has been made between an accidental or tortious act which happens to be committed by a

---

**1.** Ill.Rev.Stat. ch. 95½, para. 12–216 (1972) provided:

    Operation of oscillating, rotating or flashing lights. Oscillating, rotating or flashing lights located on top of police vehicles in this State shall be lighted whenever a police officer is in pursuit of a violator of a traffic law or regulation.

government official and an intentional detention that rises to the level of a constitutional violation. *See Brower v. County of Inyo,* 489 U.S. 593, ——, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989) ("the word 'seizure' ... can hardly be applied to an unknowing act"); *Apodaca v. Rio Arriba County Sheriff's Dept.,* 905 F.2d 1445, 1447 (10th Cir.1990) ("Collisions between police vehicles and others caused by police negligence clearly fall on the 'tort' side of the line").

[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied.*[2]

*Id.* (Emphasis in original). *See also Apodaca,* 905 F.2d at 1447 ("Only unreasonable *intentional* detentions violate the Constitution"); *Roach v. City of Fredericktown, Mo.,* 882 F.2d 294, 296 (8th Cir.1989) (collision between police officer and another car did not constitute a seizure where officer did not intend for pursuit to end by means of an accident); *Jamieson v. Shaw,* 772 F.2d 1205, 1209–10 (5th Cir.1985) (passenger in car stopped by roadblock was seized for constitutional purposes because officers intended to stop car by that means). Once plaintiffs have demonstrated the existence of a "seizure" they then must show that the seizure was objectively "unreasonable." *Graham v. Connor,* 109 S.Ct. at 1871–73; *Brower,* 489 U.S. at ——, 109 S.Ct. at 1382–83.

While it is clear that Officer White intended to stop Campbell and Miller for speeding and that White's actions caused, or contributed to, a "termination of [Camp-

bell's] freedom of movement," there is no evidence whatsoever to suggest that White intended physically to stop or detain Campbell by running over him with his car in the event Campbell refused to pull over voluntarily. The collision between White and Campbell was not *"the means intentionally applied"* to effect the stop, but was rather an unfortunate and regrettable accident.[3] *See Apodaca,* 905 F.2d at 1447; *Roach,* 882 F.2d at 297. Absent a seizure, a discussion of the reasonableness of Officer White's actions would be merely academic.

Our review of the record supports but one conclusion, that no seizure occurred within the meaning of the Fourth Amendment and that Officer White was entitled to judgment as a matter of law. The district court's denial of summary judgment is, accordingly, REVERSED and the cause REMANDED with instructions that it be dismissed.

---

**2.** The fact that Campbell was not a "fleeing felon" (speeding is a misdemeanor offense) does not effect the outcome of our analysis. *Roach v. City of Fredericktown, Mo.,* 882 F.2d 294, 296 (8th Cir.1989).

**3.** This case is thus factually distinguishable from both *Brower* and *Jamieson v. Shaw,* 772 F.2d at 1209–10, where police officers employed roadblocks which were "designed to stop by physical impact if voluntary compliance [did] not occur." *Brower,* 489 U.S. at ——, 109 S.Ct. at 1382.