73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Beverly TOMPKINS, personal representative of the estate of
Stephen O. Tompkins, deceased; and Phillip Tompkins,
personal representative of the estate of James Tompkins,
deceased, Plaintiffs-Appellants,
v.
CITY of Hartshorne, Oklahoma, Defendant-Appellee.
 No. 94-7174.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1995.
 
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 ANDERSON, Judge
 
 2
 Plaintiffs and appellants Beverly Tompkins, widow and personal representative of the estate of Stephen O. Tompkins, and Phillip Tompkins, brother and personal representative of the estate of James Tompkins, appeal the grant of summary judgment to defendants City of Hartshorne, Oklahoma ("City"), and City police officer Roger Day, in plaintiffs' section 1983 action seeking damages for the deaths of Stephen and James Tompkins in connection with Officer Day's pursuit of another motorist. We affirm.
 
 BACKGROUND
 
 3
 On September 5, 1992, City police officer Day received a complaint from a citizen that the driver of a blue Mazda pick-up was driving erratically and throwing cans and bottles out of the truck. Officer Day then saw the blue pick-up, and began following it, observing the truck swerving in and out of lanes of traffic and its driver throwing objects out the truck window. When the truck left the City limits, it sped up, continued swerving and the driver turned off its lights.
 
 
 4
 Officer Day then discontinued his pursuit of the truck, dropped one-half to threequarters of a mile behind the truck, and continued to follow the truck with his flashing emergency lights on. In his affidavit, Officer Day stated "I was driving with my overhead flashing lights on in order to alert oncoming traffic of the dangerous driver ahead. I was not in pursuit of the suspect at that time but was merely trying to warn any drivers ahead of me who might be in the suspect's path." Day Aff. p 15, J.A. at 00095.
 
 
 5
 Officer Day was approximately one-half to three-quarters of a mile behind the blue truck when it crossed the center line of the road, and struck head-on the pick-up truck in which the Tompkins brothers were riding, killing both of them instantly.
 
 
 6
 The City Council of Hartshorne adopted written procedures concerning police pursuits in August of 1991. The City passed Ordinance No. 469 concerning, inter alia, police pursuit policies. Ordinance No. 469 provides in part:
 
 INTENTION TO AVOID POLICE
 
 7
 The Pursuit should be considered only when a Felony has been committed and suspect exhibits behavior which indicates an attempt to avoid contact with the police.
 
 APPREHENSION EFFORT
 
 8
 It is the duty of the offices [sic] to make every reasonable effort to apprehend the driver and/or occupants of a fleeing vehicle as described in the above caption in accordance with the following guidelines and considerations.
 
 
 9
 J.A. at 00110. The ten listed factors to be considered in pursuit decisions are the nature and type of the violation, the time of day, the weather, the road conditions, the geographic location, population density and the officer's familiarity with the area. Id. The Police Department's Standard Operating Procedures, which include the above provisions, also state that "if a Supects [sic] attempts to eludean [sic] officer in a vehicle and the supect [sic] is only wanted for a misdemeanor charge, the PURSUIT WILL BE BROKEN OFF." Id. at 00088. By affidavit, Officer Day stated that he was familiar with the pursuit policies and had received training in them. Day Aff. paragraphs 5, 6, Id. at 00093-94.
 
 
 10
 Plaintiffs brought this 42 U.S.C. Sec. 1983 action against the City and Officer Day, individually and in his official capacity, claiming that the City's "failure to adopt proper vehicular pursuit policies and to properly train its officer represents a wanton and reckless disregard for safety and human life constitutes an unlawful violation of Plaintiffs' civil rights." Complaint at p 14, J.A. at 00003. The Complaint further alleged that "Defendant's officers used excessive force and acted in reckless disregard for safety and human life.... Further this recklessness is attributable to the negligent instruction or acquiescence of the Defendant." Complaint at paragraphs 16, 17, J.A. at 00004. They also brought pendent state law claims.
 
 
 11
 The district court granted summary judgment to the City, finding that the City:
 
 
 12
 had a written pursuit policy that police officers would not pursue persons wanted for misdemeanor violations who were attempting to elude officers.... Defendant Day, a trained certified police officer, was aware of this policy and had received training in the policy. The court finds that defendant City's written policy concerning vehicle pursuits of criminal suspects is not unconstitutional but reasonable, in that it attempts to balance law enforcement concerns with concern for citizen's safety. Further, the court finds that defendant City adequately and properly trained its police officers, including defendant Day, in that policy.
 
 
 13
 Order at 3, Appellants' Br., Attach. A. The district court also found that "the criminal acts of the driver of the suspect vehicle were intervening and superseding proximate causes of plaintiffs' decedents' deaths and any injury or damages to the plaintiffs." Id. at 4.
 
 
 14
 Plaintiffs appeal, arguing the district court erred in (1) making factual findings where plaintiffs claim there are disputed issues of material fact; (2) granting summary judgment to defendants "where the Tompkins' complaint stated a cause of action against the defendants under the Fourteenth Amendment," Appellants' Br. at I; and (3) granting summary judgment to Officer Day on qualified immunity grounds.[1]
 
 DISCUSSION
 
 15
 We review the grant of summary judgment de novo, applying the same standard as the district court. Webber v. Mefford, 43 F.3d 1340, 1342 (10th Cir.1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, defendants in this case are entitled to summary judgment if they "establish[ ] [their] entitlement to judgment as a matter of law based on uncontroverted, operative facts contained in the documentary evidence." Webber, 43 F.3d at 1343.
 
 
 16
 There are two inquiries in this case: whether Officer Day violated plaintiffs' constitutional rights and whether the City can be held liable for any such violation. Additionally, assuming Officer Day's liability is established, we must decide whether he is entitled to qualified immunity.
 
 I. Officer Day's Liability
 
 17
 "[A] police officer in a high-speed automobile chase violates a bystander's Fourteenth Amendment substantive due process rights only when the police officer displays reckless indifference to the risk created and directs his actions toward the bystander." Id. (citing Medina v. City and County of Denver, 960 F.2d 1493, 1496 (10th Cir.1992)). We have defined a reckless act as one which "reflects a wanton or obdurate disregard or complete indifference to risk, for example 'when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death' or grievous bodily injury." Medina, 960 F.2d at 1496 (quoting Archie v. City of Racine, 847 F.2d 1211, 1219 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1065 (1989)); see also Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1446-47 n. 3 (10th Cir.1990); Archuleta v. McShan, 897 F.2d 495, 499 (10th Cir.1990). Thus, in this circuit, the above "deliberate indifference" standard applies to Fourteenth Amendment claims that a police officer engaged in a vehicular chase or pursuit violated a person's substantive due process rights.[2]
 
 
 18
 Defendants argue that the uncontroverted facts of this case demonstrate that Officer Day's actions did not amount to deliberate indifference. We agree. Faced with similar, although more egregious, facts, the Sixth Circuit stated as follows:
 
 
 19
 The officers made a choice to protect the public safety by attempting to apprehend an obviously dangerous driver. Although the pursuit ended tragically, the officers may have averted equal or greater tragedy by halting [the suspect] when they did rather than allowing him to continue driving. Indeed, had the officers not pursued [the suspect] and had his unimpeded progress resulted in a fatal accident, as it well could have, the officers might be facing a different section 1983 claim based on their failure to act....
 
 
 20
 Jones v. Sherrill, 827 F.2d 1102, 1107 (6th Cir.1987). The Supreme Court has made it clear that substantive due process violations require more than an ordinary tort to be actionable. See Collins v. City of Harker Heights, 503 U.S. 115, 128 (1992). Whether called "deliberate indifference" or "conscience-shocking" behavior, governmental conduct which violates substantive due process requires a high degree of culpability and "outrageousness." See Uhlrig, 64 F.3d at 574. Merely "unreasonable" conduct is clearly insufficient. Plaintiffs seeking to establish that they were victimized by such conduct face a high hurdle. Cf. Farmer v. Brennan, 511 U.S. ----, 114 S.Ct. 1970 (1994) (discussing "deliberate indifference" standard in Eighth Amendment context). Because we hold that Officer Day did not violate plaintiffs' constitutional rights, we need not address whether he is entitled to qualified immunity.
 
 II. City's Liability
 
 21
 Plaintiffs argue the City is liable for failing to adequately train its police officers, including Officer Day, in police pursuit procedures. They claim there are at least disputed issues of material fact as to this claim, precluding summary judgment.
 
 
 22
 In Webber, we held that once we conclude that the police officer did not violate the plaintiffs' constitutional rights, any claim against the municipality for inadequate training, supervision, and pursuit policies must be dismissed. "A claim of inadequate training, supervision, and policies under Sec. 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised." Webber, 43 F.3d at 1344-45; see also Zuchel v. City and County of Denver, 997 F.2d 730, 735 (10th Cir.1993). Therefore, having concluded that Officer Day did not violate plaintiffs' constitutional rights, the district court correctly dismissed plaintiffs' claims against the City.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Plaintiffs apparently argued below that they stated a claim under the Fourth Amendment prohibiting unreasonable searches and seizures, and they claimed in their complaint that Officer Day used "excessive force," a claim ordinarily cognizable under the Fourth Amendment. They do not appear to pursue a Fourth Amendment claim on appeal, however. We therefore view their appellate claims as limited to an asserted Fourteenth Amendment substantive due process violation
 
 
 [2]
 As we observed in Webber, "[o]ther circuits have adopted a different standard than reckless indifference and require police conduct in a pursuit case to 'shock the conscience' to sustain a Sec. 1983 action for substantive due process violations." Webber, 43 F.3d at 1343 n. 3 (citing Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d Cir.1994) (en banc); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 720 (4th Cir.1991), cert. denied, 502 U.S. 1095 (1992); Roach v. City of Fredericktown, 882 F.2d 294, 297 (8th Cir.1989)). The Third Circuit in Fagan specifically declined to follow our "reckless indifference" standard set out in Medina, stating "we are not persuaded." Fagan, 22 F.3d at 1308 n. 8. The lengthy dissent in Fagan advocates adoption of the "reckless indifference" standard. Fagan, 22 F.3d at 1309-28 (Cowen, J., dissenting). In non-policepursuit cases, several circuits have held that "deliberate indifference" is required for a substantive due process violation. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 531 (5th Cir.1994) ("The cases consistently require a Sec. 1983 plaintiff relying on substantive due process to show that the state actors are guilty of 'deliberate indifference' toward the victim of the deprivation."); L.W. v. Grubbs, 974 F.2d 119, 122-23 (9th Cir.1992), cert. denied, 113 S.Ct. 2442 (1993) (same). The Sixth Circuit, however, suggests that "deliberate misconduct" is required. Lewellen v. Metropolitan Gov. of Nashville, 34 F.3d 345, 351 (6th Cir.1994), cert. denied, 115 S.Ct. 903 (1995). To further confuse matters, we very recently cited Medina for the proposition that, when evaluating whether state actors violated a person's substantive due process rights for recklessly creating a special danger to the person, we applied the "shock the conscience" standard, stating that the question was whether the defendants' reckless conduct "when viewed in total, is conscience shocking." Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir.1995)
 The Third Circuit has subsequently acknowledged that "there is some inconsistency in our circuit as to the standard governing the underlying constitutional violation in policy, custom or practice cases." Mark v. Borough of Hatboro, 51 F.3d 1137, 1153 n. 13 (3d Cir.1995). The Third Circuit's en banc opinion in Fagan "interpreted Collins [v. City of Harker Heights, 503 U.S. 115 (1992) ] to mean that in all substantive due process cases, the appropriate constitutional test is whether the defendant's actions shock the conscience." Mark, 51 F.3d at 1153 n. 13. However, in the panel opinion in Fagan v. City of Vineland, 22 F.3d 1283 (3d Cir.1994), in addressing the standard for municipal liability, the court stated:
 The pursuing police officers are liable under section 1983 if their conduct "shocks the conscience." The City is liable under section 1983 if its policymakers, acting with deliberate indifference, implemented a policy of inadequate training and thereby caused the officers to conduct the pursuit in an unsafe manner and deprive plaintiffs of life or liberty.
 Id. at 1292 (emphasis added).
 As we discuss more fully infra, we have drawn no such distinction between officers' liability and municipal liability. In Webber, we held that once we conclude the officer committed no constitutional violation, the claim against the municipality is properly dismissed. "A claim of inadequate training, supervision, and policies under Sec. 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised." Webber, 43 F.3d at 1344-45. The Third Circuit, by contrast, has held that "in a substantive due process case arising out of a police pursuit, an underlying constitutional tort can still exist even if no individual police officer violated the Constitution." Fagan, 22 F.3d at 1292 (panel opinion).