935 F.Supp. 1015 (1996)
Jerald FRIEDMAN, et al., Plaintiffs,
v.
CITY OF OVERLAND and Officer Donald E. Gault, Defendants.
No. 4:95CV2517SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 23, 1996.
*1016 Ted L. Perryman, Managing Partner, Roberts and Perryman, St. Louis, MO, for plaintiffs Jerald Friedman, Dayle Friedman.
*1017 Robert J. Krehbiel, Evans and Dixon, St. Louis, MO, for defendant City of Overland.
Kenneth M. Lander, Kortenhof and Ely, St. Louis, MO, William A. Hellmich, King and Koster, St. Louis, MO, for defendant Donald E. Gault, Officer.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiffs have filed this multicount § 1983 cause of action based upon a vehicular accident involving a police officer. Plaintiffs allege that defendant Gault, while driving a police car, ran an intersection causing bodily injury to plaintiff Jerald Friedman. They further allege that defendant Gault was operating the police car while under the influence of a controlled substance. Counts I and II assert liability pursuant to § 1983 against both defendants; Count III asserts a claim of negligence against defendant Gault; Count IV asserts a claim for punitive damages against defendant Gault; Count V asserts a claim of negligence against defendant City of Overland; and Counts VI and VII assert a claim for loss of consortium (by plaintiff Dayle Friedman) against both defendants. This matter is before the Court on defendants' motion to dismiss (# 6 and # 8),[1] filed February 21 and 23, 1996 respectively. Responsive pleadings have been filed.
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 102.
The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.
Plaintiff contends in Counts I and II of his complaint that defendant Gault, while operating a police car, and while under the influence of a controlled substance,[2] attempted to make a right turn on a red light and struck plaintiff Jerald Friedman's vehicle. Plaintiffs allege that defendant Gault violated several Missouri statutes by failing to yield the right of way, by failing to keep a careful lookout, by failing to activate his siren, by failing to activate his red or blue lights, and by driving while under the influence of a controlled substance. Plaintiffs further allege that defendant Gault violated City of Overland Police Department's policy by failing to activate his siren or the vehicle's lights. As to defendant City of Overland, plaintiffs allege that the City was aware of defendant Gault's prior history of drug abuse and failed to monitor defendant Gault for drug use or put in place policies and procedures *1018 for detecting and monitoring drug use among its police officers.
Defendants contend that defendant Gault's actions, assuming plaintiff's allegations to be true, amount to negligence or even gross negligence; but do not constitute a civil rights violation. They further contend that if defendant Gault is not liable pursuant to § 1983, then plaintiffs' claim for municipal liability against the City must fail.[3] Plaintiffs contend that defendant, as a state actor, violated plaintiff Jerald Friedman's substantive due process rights in that he was deprived of his liberty interest in being free from bodily harm. They further argue that the City is liable because its failure to train and educate police officers of the risk of operating motor vehicles while under the influence of a controlled substance and failure to adequately monitor defendant Gault amounted to deliberate indifference and caused the deprivation of plaintiff Jerald Friedman's civil rights.
Plaintiffs contend that they can proceed with a claim of municipal liability under § 1983 against the City of Overland even if they fail to state a § 1983 substantive due process claim against defendant Gault. They cite City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) in support of this proposition. Plaintiffs are mistaken in their understanding of the Canton case. Canton established the doctrine of municipal liability under § 1983; however, it was predicated upon an underlying constitutional violation by a municipal or state employee. "Thus, it is clear that the Court recognized that in order for municipal liability to attach in a situation such as this, there must first be an underlying violation of the plaintiff's constitutional rights by a municipal employee (for whose actions the City is, presumably, to be held accountable)." Roach v. City of Fredericktown, Mo., 882 F.2d 294, 298 (8th Cir.1989). It is clearly established that a municipality cannot be held liable under § 1983, whether on a failure to train theory or a municipal custom and policy theory, unless the municipal/state employee is found liable on the underlying substantive constitutional claim. Abbott v. City of Crocker, Mo., 30 F.3d 994, 998 (8th Cir.1994); Sellers by and through Sellers v. Baer, 28 F.3d 895, 903 (8th Cir.1994); Gregory v. City of Rogers, Arkansas, 974 F.2d 1006, 1012 (8th Cir.1992); Roach, supra. Consequently, in order for the plaintiffs' to assert a § 1983 claim against the City of Overland, they must first state a cognizable § 1983 claim against defendant Gault.
In their complaint, plaintiffs allege that defendant Gault committed the following acts: 1) ran a red light; 2) failed to yield a right of way; 3) failed to keep a careful lookout; and 4) failed to engage his emergency warning mechanisms (i.e. lights or siren). They further allege that he committed these acts while under the influence of a controlled substance. It is clear that all the plaintiffs have alleged are a number of negligent acts by defendant Gault. Mere negligence is not a sufficient basis for a § 1983 claim. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Davis v. Hall, 992 F.2d 151, 153 (8th Cir.1993); Roach, supra. Assuming plaintiffs' allegation regarding the substance abuse is accurate, such an allegation presumes that defendant Gault grossly negligently placed Mr. Friedman in a position of greater danger. Gross negligence is not actionable under § 1983. Sellers by and through Sellers, at 902-03.
Plaintiffs fail to address the instant motion as to the issue of negligence. Instead they simply argue that defendant Gault's acts (regardless of the fact that they are acts of negligence) violated Mr. Friedman's constitutional rights. Plaintiffs argue that a constitutional violation exists because substantive due process includes the right to bodily integrity; thus, defendant Gault violated Mr. Friedman's substantive due process right to be free from bodily harm by deliberately and willfully driving a police car while under the influence of a controlled substance.
The Due Process Clause of the Fourteenth Amendment provides "[n]or shall *1019 any State deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14. The substantive component of the Due Process Clause protects only those rights considered to be "fundamental". Wooten v. Campbell, 49 F.3d 696, 699 (11th Cir.1995); Brown v. Nix, 33 F.3d 951, 953 (8th Cir.1994); McKinney v. Pate, 20 F.3d 1550, 1556-58 (11th Cir.1994). These "fundamental" rights include those clearly enumerated in the Bill of Rights and other rights recognized by the Supreme Court as requiring constitutional protection. Basic to these rights is the understanding that they are created only by the Constitution, not by state law. Wooten, at 699; McKinney, at 1557. "A finding that a right merits substantive due process protection means that the right is protected against certain government actions regardless of the fairness of the procedures used to implement them." Wooten, at 699 quoting McKinney, at 1556 [citing Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068-69, 117 L.Ed.2d 261 (1992)].
Over the last several decades a standard has evolved by which to adjudge government conduct to determine if a violation of substantive due process has occurred. In Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), the United States Supreme Court held that outrageous conduct which "shocks the conscience" violated substantive due process under the Fourteenth Amendment. The Court, however, failed to clearly delineate any guidelines as to what type of conduct might meet this standard. In the companion cases of Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) and Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court held that negligent conduct did not violate substantive due process because the Fourteenth Amendment only protects against "affirmative abuse of power". Daniels, 474 U.S. at 330, 106 S.Ct. at 664. Unintended injury to life, liberty or property as a result of a lack of due care by an official is not an "abuse of power" and thus, does not implicate the Due Process Clause of the Fourteenth Amendment. Davidson, 474 U.S. at 347, 106 S.Ct. at 670. Conduct which is the consequence of a lack of due care does not constitute "abusing government power" or indicate any intention of using government power as an "instrument of oppression" which the Due Process Clause was designed to prevent. Davidson, 474 U.S. at 348, 106 S.Ct. at 670-71; Daniels, 474 U.S. at 331-333, 106 S.Ct. at 664-66. However, the Court did not address whether "something less than intentional conduct, such as recklessness or `gross negligence', is enough to trigger the protections of the Due Process Clause." Daniels, 474 U.S. at 334, n. 3, 106 S.Ct. at 666, n. 3.
In 1992 the Supreme Court reaffirmed the Rochin standard of "shocks the conscience" for substantive due process violation claims. Collins v. Harker Heights, supra. The Court expressed a clear reluctance "to expand the concept of substantive due process because guideposts for responsible decision-making in this uncharted area are scarce and open-ended." Collins, 503 U.S. at 125, 112 S.Ct. at 1068; see also, Albright v. Oliver, 510 U.S. 266, 271-73, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994). The Court was fearful of treading upon traditional tort law in setting forth acceptable rules of conduct because "[t]he Due Process Clause `does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society', we have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law." Collins, 503 U.S. at 128, 112 S.Ct. at 1070 (citations omitted).
The Eighth Circuit Court of Appeals has consistently adhered to the "outrageous conduct that shocks the conscience" standard embraced by the United States Supreme Court since Rochin. "The Supreme Court has recognized that the Constitution embodies a concept of substantive due process which prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Brown v. Nix, 33 F.3d 951, 953 (8th Cir.1994); see, Anderson v. Douglas County, 4 F.3d 574, 577 (8th Cir.1993); McNees v. Mountain Home, Arkansas, 993 F.2d 1359, 1361 (8th Cir.1993); Gregory v. City of Rogers, Ark., at 1009; *1020 Gunderson v. Schlueter, 904 F.2d 407, 410 (8th Cir.1990). Furthermore, the Eighth Circuit has heeded the Supreme Court's admonition against expanding alleged substantive due process claims under the Fourteenth Amendment into areas traditionally regulated via state tort law. Brown v. Nix, at 953; Gregory v. City of Rogers, Ark., at 1009. "Many harms, though caused by a state actor, do not fall within the scope of section 1983, for section 1983 does not turn the Fourteenth Amendment into a font of tort law that supersedes the tort systems already available under individual state laws." Gregory v. City of Rogers, Ark., at 1009.
Plaintiffs contend that defendant Gault violated plaintiff Jerald Friedman's substantive due process right to be free from harm to his "bodily integrity". Plaintiffs contend that personal injury due to recklessness or deliberate indifference deprives a person of his/her liberty interest as protected by the Fourteenth Amendment. The only caselaw plaintiffs cite in support of this contention is Justice Brennan's dissent in Davidson v. Cannon, supra. Plaintiffs further contend that the availability of state law remedies is irrelevant to the issue of a § 1983 claim for a substantive due process violation. They cite Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) in support of this contention.
The protections accorded by the substantive component of the Due Process Clause of the Fourteenth Amendment have generally been applied to matters concerning marriage, family, procreation, and bodily integrity. Albright v. Oliver, 510 U.S. at 271-73, 114 S.Ct. at 812; Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 851, 112 S.Ct. 2791, 2806-07, 120 L.Ed.2d 674 (1992). "Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." Collins v. Harker Heights, 503 U.S. at 126-27, n. 10, 112 S.Ct. at 1069, n. 10. Past decisions regarding a violation of substantive due process rights with regard to a right to bodily integrity have involved the State's affirmative decision or action to intrude upon the sanctity of one's right to make decisions regarding his or her body or be protected from invasive medical procedures. These decisions have viewed the right to bodily integrity as including abortion, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Planned Parenthood of Southeastern Pa. v. Casey, supra.; stomach pumping, Rochin v. California, supra.; and administration of antipsychotic drugs, Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). All of these decisions involved the State's (or state actors) deliberate overt decision to invade a person's right to maintain his or her body as they desired. Justice Brennan's dissenting view that a state official's "recklessness" which causes personal injury deprives a person of liberty within the meaning of the Fourteenth Amendment has not been embraced as the majority opinion of the Supreme Court. Plaintiffs fail to cite any case which affirmatively holds that negligent or reckless behavior on the part of a state actor reaches the level of a constitutional violation under the Due Process Clause of the Fourteenth Amendment.
Furthermore, the plaintiffs misconstrue the concept regarding the availability of a post-deprivation state remedy. In Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the Supreme Court held that a mental patient, who while medicated and disoriented signed a voluntary consent to committal in a state mental hospital, could proceed with a § 1983 procedural due process violation claim for the state's failure to conduct a hearing on his competency. In analyzing the kinds of § 1983 claims that may be brought under the Due Process Clause of the Fourteenth Amendment, the Court stated that constitutional violations of substantive due process rights are actionable under § 1983 because the violation is complete when the wrongful action is taken; thus, the availability of any state-tort remedy is irrelevant because no "process" can compensate for the loss. Zinermon v. Burch, 494 U.S. at 125, 110 S.Ct. at 983; McKinney v. Pate, at 1557. Contrary to the plaintiffs' belief, the availability of a state-tort remedy only becomes irrelevant if a substantive due process claim exists in the first place. As previously noted, a substantive due process claim does not exist if the claim does nothing more than allege negligent conduct by a state actor. If only negligent conduct is alleged, *1021 than the claim is analogous to a standard tort claim and the availability of a state-tort remedy is very relevant.
This Court's review of all the relevant caselaw indicates that plaintiffs have failed to state a cognizable § 1983 claim for violation of substantive due process rights. Plaintiffs have done nothing more than allege numerous acts of negligence and violation of state law by defendant Gault. Even a bad faith violation of state law fails to reach the level of a constitutional violation. Anderson v. Douglas County, at 577; McNees v. Mountain Home, Ark., at 1361; Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir.1992). Defendant Gault's actions, as alleged, do not indicate decisive acts reflecting abusive or oppressive government conduct. Plaintiffs have failed to allege acts so outrageous as to amount to a substantive due process claim. The simple fact that defendant Gault is a police officer fails to take an ordinary tort claim for personal injury and turn it into a constitutional violation.
As noted before, since plaintiffs' complaint fails to state a cognizable § 1983 claim against defendant Gault, their § 1983 claim against the City of Overland also fails. Both motions to dismiss will be granted.
NOTES
[1] Defendant City of Overland filed the substantive motion to dismiss (# 6); shortly thereafter, defendant Gault filed a "motion" (# 8) which simply informs the Court that he adopts the motion filed by the City of Overland. The Court will consider the City's motion as a joint motion with all findings and determinations applicable to both defendants' motions.
[2] Plaintiff alleges that a drug test, taken of defendant Gault shortly after the accident, proved positive for marijuana.
[3] Defendants also seek dismissal of the plaintiffs' supplemental state law claims.