_____

No. 95-2648
_____

Kevin Lamont Evans,                       *
                                          *
          Appellant,                      *
                                          *
     v.                                   *   Appeal from the United States
                                          *   District Court for the
City of Columbia, Mo; City of             *   Western District of Missouri.
Columbia Police Dept.; Randy              *
McMillen, #126; Dianne Anliker,           *        [UNPUBLISHED]
#182; Doug Parsons, #108; Jay             *
Bramblett, #162; Todd Grimes,             *
                                          *
          Appellees.                      *


_____

          Submitted:  December 5, 1995

              Filed:  March 27, 1996
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Missouri inmate Kevin L. Evans appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action.  We reverse.

     Evans filed this pro se complaint alleging he was charged with, and subsequently convicted of, robbery after witnesses identified him in a photographic line-up.  He asserted that his due process rights were violated, as police officers "purposely misplaced" the line-up photos, and the prosecution introduced a different set of photos at trial.  Evans expressly stated that he sought relief in the form of damages only.

Citing <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2372 (1994), the district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(d), reasoning that Evans's claim for damages was not cognizable under section 1983, as it was an indirect challenge to his length of confinement and he had not alleged his conviction had been invalidated. On appeal, Evans argues that he was not attacking his underlying conviction; rather, he was seeking to recover damages for the mental anguish and emotional distress he suffered as a result of the violation of his rights.

The district court abused its discretion in dismissing the complaint, <u>see</u> <u>Cokeley v. Endell</u>, 27 F.3d 331, 332 (8th Cir. 1994) (standard of review for § 1915(d) dismissal), as Evans's procedural due process claim has an arguable basis in fact and law. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Contrary to the district court's conclusion, the <u>Heck</u> Court explicitly stated that section 1983 claims "for using the wrong procedures, [rather than] for reaching the wrong result," are cognizable. <u>Heck</u>, 114 S. Ct. at 2370, 2372 (damages claims which would necessarily imply invalidity of conviction are not cognizable under § 1983 unless conviction has been invalidated; damages claims challenging procedures used to deprive prisoners of good-time credits survive); <u>see also</u> <u>Armento-Bey v. Harper</u>, 68 F.3d 215, 216 (8th Cir. 1995) (per curiam) (same).

Accordingly, we reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.