17 F.Supp.2d 1044 (1998)
Iran HENDERSON, Plaintiff,
v.
MUNICIPALITY OF COOL VALLEY, et al., Defendants.
No. 4:97 CV 1840 SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 20, 1998.
Henry W. Cummings, Henry W. Cummings, St. Charles, MO, for Plaintiff.
Robert J. Krehbiel, Eric D. Wright, Evans and Dixon, St. Louis, MO, for Defendants.

*1045 MEMORANDUM

LIMBAUGH, District Judge.
This matter is before the Court on Defendants' Motion for Summary Judgment (# 29). The underlying cause of action arises under 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that defendants subjected him to excessive force, an unreasonable seizure, cruel and unusual punishment, and an unlawful arrest, prosecution and imprisonment. Plaintiff also alleges that defendants violated his constitutional rights of due process and equal protection under the laws, and that defendant Cool Valley is liable for failure to instruct, train, supervise, control and discipline.[1] Defendants deny any wrongdoing.

Background
On September 11, 1995, at approximately 5:35 pm, defendant Andrews, a police officer with the Cool Valley Police Department, received a call on a domestic disturbance. He was dispatched to a local supermarket where he met Shirley Carr. Carr informed defendant Andrews that she wanted her son, plaintiff Iran Henderson, removed from her house. She explained that Plaintiff had picked up a kitchen knife during a quarrel, that she became frightened and left the house.
Defendant Andrews proceeded to Carr's home where he observed Plaintiff's brother, Sterling Henderson, entering. Defendant Andrews approached the home and asked to come inside. Sterling Henderson invited defendant Andrews inside the house.
Upon entering the house, defendant Andrews informed Plaintiff of his mother's desire for him to leave. Plaintiff refused to leave. Instead, he stood up and walked down to the basement.
Defendant Andrews, followed by Sterling Henderson, proceeded downstairs to the basement. After a brief discussion, Plaintiff again refused to leave the house. Defendant Andrews informed Plaintiff that if he did not leave, he would be arrested and taken to the Cool Valley Police Department.
Thereafter, Plaintiff grabbed a screwdriver from a chest of drawers and moved toward defendant Andrews. Defendant Andrews recognized the item in Plaintiff's hand as a screwdriver and, while backing away, drew his service revolver in his right hand. Defendant Andrews ordered Plaintiff to drop the screwdriver several times. After getting within a few feet of defendant Andrews, Plaintiff backed away. Defendant Andrews radioed for assistance.
Sterling Henderson then began arguing with Plaintiff about his refusal to leave. Plaintiff started toward his brother with the screwdriver raised. Defendant Andrews again ordered Plaintiff to drop the screwdriver, but Plaintiff continued toward his brother.
Defendant Andrews then stepped between the two brothers and drew a can of mace in his left hand. While still ordering Plaintiff to drop the screwdriver, defendant Andrews maced Plaintiff. Plaintiff wiped his face and started toward defendant Andrews swinging the screwdriver wildly. He knocked the mace from defendant Andrews' left hand. In an attempt to defend himself, defendant Andrews fired one shot from his service revolver and struck Plaintiff in the abdomen area. Plaintiff dropped to the floor and defendant Andrews called for paramedics.
Plaintiff was taken to Barnes Hospital for treatment. He was later transferred to Regional Hospital. Upon his discharge from Barnes Hospital, Plaintiff was arrested and charged with two counts of unlawful use of weapon, two counts of armed criminal action, one count of assault in the second degree and *1046 one count of assault on a law enforcement officer in the second degree. He was remanded to the jail ward of Regional Hospital.
On March 13, 1997, Plaintiff, represented by counsel, appeared in the Circuit Court of the County of St. Louis, Missouri. The record reflects that the State entered a nolle prosequi on the two counts of armed criminal action and that defendant waived his right to trial by jury as to the remaining counts.
The evidence was then adduced by a stipulation of the parties and submitted to the court for determination. The court found Plaintiff guilty of two counts of unlawful use of a weapon, Class D felonies; one count of assault in the second degree, a Class C felony; and one count of assault on a police officer in the second degree, a Class B felony.
Plaintiff was sentenced to five years for the two unlawful use of a weapon convictions, seven years for the assault in the second degree conviction and seven years for the assault on a police officer in the second degree. All sentences were ordered to run concurrently and Plaintiff was given credit for all jail time.
At the time of the shooting, Plaintiff, though a convicted felon, was neither incarcerated nor on probation or parole.

Discussion
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established its right to judgment with such clarity as not to give rise to controversy. New England Mutual Life Insurance Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Cooperative Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir.1976).
Plaintiff's primary argument in opposition to defendants' motion for summary judgment is that the undisputed facts, as set forth above, are actually in dispute. Plaintiff, however, stipulated to these facts in his state court criminal proceedings. Accordingly, he cannot now deny their existence or attempt to establish a new set of factual predicates.[2]See Daniels v. Terrell, 783 F.Supp. 1211, 1212-13 (E.D.Mo.1992).
*1047 Likewise, the majority of Plaintiff's legal arguments can be summarily dismissed because the constitutional provisions at issue do not protect individuals from the types of harm he alleges. For instance, as Plaintiff has not alleged any federal involvement, he cannot state claim for a due process violation under the Fifth Amendment. See Warren v. Government National Mortgage Association, 611 F.2d 1229, 1232 (8th Cir.1980) ("[t]he Due Process Clause of the Fifth Amendment ... applies to [the] federal government"); see also Morin v. Caire, 77 F.3d 116, 120 (5th Cir.1996) ("the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government"). Similarly, as it is undisputed that Plaintiff was not a convicted felon currently incarcerated or on probation or parole, the protections of the Eighth Amendment are not implicated. See Ingraham v. Wright, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has ... secured a formal adjudication of guilt in accordance with due process of law"); Morin, 77 F.3d at 120 ("[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees"). As he was convicted on the underlying assault and weapon charges, Plaintiff cannot maintain a due process claim under the Fourteenth Amendment for unlawful arrest, prosecution and imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"); Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir.1996) Finally, as Plaintiff has not presented any evidence that he was a victim of intentional discrimination, his equal protection claim under the Fourteenth Amendment is deficient as a matter of law. See e.g., Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).
Accordingly, the only viable constitutional claims Plaintiff alleges are his claim of excessive force against defendant Andrews and his claim for failure to instruct, train, supervise, control and discipline against defendant Cool Valley.
"The Fourth Amendment forbids `unreasonable searches and seizures by police officers.' This prohibition protects not only our privacy and property; the Fourth Amendment is also a `primary source [ ] of constitutional protection against physically abusive government conduct.'" Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir.1996) (quoting Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).
There is no question that defendant Andrews' actions constituted a seizure within the meaning of the Fourth Amendment. The relevant question, therefore, is whether defendant Andrews actions were objectively reasonable under the circumstances. See Gardner, 82 F.3d at 251-52; Daniels, 783 F.Supp. at 1213. "A seizure-by-shooting is objectively reasonable when `the officer [using the force] has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'" Gardner, 82 F.3d at 252 (quoting Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)).
In this instance, Plaintiff had refused to leave the house for some time. He had argued, extensively, with both defendant Andrews and his brother. His mother told defendant Andrews that Plaintiff had previously grabbed a knife. Indeed, he had already brandished a screwdriver and was coming after defendant Andrews, swinging the screwdriver wildly. On these facts, defendant Andrews single shot to Plaintiff's abdomen, after repeated warnings, was objectively reasonable.
Plaintiff concedes that some use of force was necessary, but argues that defendant Andrews should have tackled him or maced him a second time. "However, the Fourth Amendment does not allow this type of `Monday morning quarterback' approach because *1048 it only requires that the seizure fall within a range of objective reasonableness." Schulz v. Long, 44 F.3d 643, 647 (8th Cir.1995); Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir.1993). The Court therefore concludes that defendant Andrews is entitled to summary judgment on Plaintiff's excessive force claim.
As there is no underlying constitutional violation, Plaintiff's claim for failure to instruct, train, supervise, control and discipline against defendant Cool Valley must also fail. The Eighth Circuit has repeatedly held that "in order for municipal liability to attach [for failure to train], there must first be an underlying violation of the plaintiff's constitutional rights by a municipal employee." Roach v. City of Fredericktown, Mo., 882 F.2d 294, 298 (8th Cir.1989); see also Abbott v. City of Crocker, Mo., 30 F.3d 994, 998 (8th Cir.1994); Sellers By and Through Sellers v. Baer, 28 F.3d 895, 902-03 (8th Cir.1994); Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1012 (8th Cir.1992); Friedman v. City of Overland, 935 F.Supp. 1015, 1018 (E.D.Mo.1996).
In view of the foregoing conclusions, Defendants' Motion for Summary Judgment should be granted and this case should be dismissed with prejudice.
NOTES
[1] Plaintiff's First Amended Complaint also contains allegations of conspiracy. On April 30, 1998, however, Plaintiff filed a Second Amended Complaint to remove these allegations and to further clarify his due process claim under the Fourteenth Amendment. Plaintiff's other claims remained unchanged.

Although Defendants' Motion for Summary Judgment was filed on March 30, 1998, and was directed toward Plaintiff's First Amended Complaint, the arguments advanced therein apply equally to Plaintiff's Second Amended Complaint. Accordingly, the Court will treat this motion as if it had been directed toward Plaintiff's Second Amended Complaint.
[2] Plaintiff's characterization of his convictions as the result of a carefully negotiated Alfred plea, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is not supported by the record and is irrelevant to the factual arguments at bar. Under Missouri law, "[a]n Alford plea ... stands on equal footing with one in which an accused specifically admits the commission of the particular act charged." Wilson v. State, 813 S.W.2d 833, 843 (Mo.banc 1991) (internal quotations omitted).