92 F.Supp.2d 949 (2000)
Jerome JONES, et al., Plaintiff,
v.
CITY OF ST. LOUIS, et al., Defendant.
No. 4:98 CV 2158 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 23, 2000.
Peggy Hardge-Harris, Hardge-Harris Law Office, St. Louis, MO, Robert G. Constantinou, St. Louis, MO, for plaintiffs.
Steven N. May, St. Louis City Counselor Office, St. Louis, MO, for defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the Court upon defendants' motion for summary judgment (Doc. No. 23). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiffs Jerome Jones and Anthony Stevenson commenced this action under 42 U.S.C. § 1983. In their complaint, they alleged that the defendants, in their various official capacities, failed to properly train police officers in violation of plaintiffs' rights to due process as secured by the Fourteenth Amendment to the United States Constitution, subjected plaintiffs' to excessive use of force by police in violation *950 of the Eighth Amendment to the United States Constitution, violated plaintiffs right to be free from the imposition of punishment absent due process of law as secured by the Fifth and Fourteenth Amendments to the United States Constitution, and that plaintiffs have suffered irreparable injury as a result of the behavior of the police.
The Court must grant summary judgment if the pleadings, admissions, stipulations, depositions and affidavits demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Board of Educ., Island Trees Union Free School Dist. No. 26 v. Pico, 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Pico, 457 U.S. at 863, 102 S.Ct. 2799.

FACTS
The record indicates that the following material facts are without genuine dispute:
1. On or about January 1, 1997, plaintiffs Jerome Jones and Anthony Stevenson were together in an alley located in the rear of 5414 Partridge in the City of St. Louis, Missouri.
2. This alley runs north and south behind the residence of Anthony Stevenson.
3. Anthony Stevenson had been firing a rifle and had shot several times when the defendant police officers, responding to a call, discovered him in the alley located at the rear of 5414 Partridge in the City of St. Louis.
4. The defendant officers, Darnell Dandridge, Stephen Clemens, Eddie Simmons and Charles Hubbard, were, at that time, in a yard at 5417 Oriole facing plaintiffs. The rear of 5417 Oriole faces the same alley where plaintiffs were located.
5. Plaintiffs fired shots at the officers and the officers returned fire. As they fled, both plaintiffs were shot several times by defendants, causing serious injuries.
6. Plaintiff Jerome Jones was convicted of three counts of assault of a law enforcement officer in the second degree and three counts of armed criminal action in the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri on June 29, 1998. Those charges arose from the arrest that is the subject of this lawsuit.
7. Plaintiff Anthony Stevenson was convicted of three counts of assault of a law enforcement officer in the second degree and three counts of armed criminal action in the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri on June 29, 1998. Those charges arose from the arrest that is the subject of this lawsuit. The convictions as to Anthony Stevenson were affirmed in the Missouri Court of Appeals. See State v. Stevenson, 998 S.W.2d 120 (Mo.Ct.App.1999).

DISCUSSION
Defendants claim that they are entitled to summary judgment because of the holding of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In relevant part, Heck held:
We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.
Id. at 486-87, 114 S.Ct. 2364. Defendants maintain that since plaintiffs were convicted of assault of a law enforcement officer, they are not permitted to bring a claim, on *951 which if they succeeded, would negate that conviction. Therefore, defendants argue, such convictions prevent them from raising an excessive force claim under § 1983. Plaintiffs deny that Heck applies to the instant case.
The Eighth Circuit has heard a number of cases on this issue, although none are directly on point. See Simmons v. O'Brien, 77 F.3d 1093 (8th Cir.1996) (suits for damages challenging the validity of a confession should be allowed to proceed under Heck); Evans v. City of Columbia, 81 F.3d 165, 1996 WL 137108 (8th Cir. 1996) (Table) (suits for damages for using the wrong procedure rather than for reaching the wrong result are cognizable); Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996) (inmate's success on a § 1983 claim that his First Amendment rights were violated would "necessarily imply the invalidity of the result of a disciplinary proceeding that lengthens the inmate's prison sentence," therefore, Heck barred the claim); Wilson v. Lawrence County, Missouri, 154 F.3d 757 (8th Cir.1998) (pardon by the governor satisfied Heck in that former inmate's conviction was "expunged by executive order"), cert. denied, 525 U.S. 1069, 119 S.Ct. 799, 142 L.Ed.2d 661 (1999); Moore v. Sims, 200 F.3d 1170 (8th Cir. 2000) (claim that evidence was unlawfully planted was barred by Heck and therefore properly dismissed).
The Fifth Circuit held that Heck barred a § 1983 claim based on excessive force during an arrest which resulted in the plaintiff's conviction of battery of a police officer. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir.1996). The Court acknowledged that Heck might not bar many § 1983 claims of excessive force, even if the plaintiff was convicted of assault with a deadly weapon, because the officers still might use "force far greater than that required for his arrest." Id. Therefore, that court reasoned, a conviction of one might not imply the invalidity of the other. Id. However, Hudson held that this reasoning did not help the plaintiff because self-defense was a justification defense to that crime in Louisiana. Id.
While Hudson is analogous to the instant case,[1] this Court, in Henderson v. Municipality of Cool Valley, 17 F.Supp.2d 1044 (E.D.Mo.1998), has also spoken on this issue. In Henderson, plaintiff claimed that defendants subjected him to excessive force, an unreasonable seizure, cruel and unusual punishment, an unlawful arrest, prosecution and imprisonment, and that defendants violated his constitutional rights to due process by failing to train police officers. Id. at 1045. Henderson acknowledged that Heck would bar a due process claim under the Fourteenth Amendment for unlawful arrest, prosecution and imprisonment. Id. at 1047. Nevertheless, this Court did not bar the plaintiffs' claims for excessive force and failure to train police officers under Heck, even though the plaintiff was convicted of unlawful use of a weapon, assault on a law enforcement officer in the second degree and assault in the second degree. Rather, the Court granted summary judgment on the merits. Id. at 1048. Likewise, in the instant case, the Court concludes that defendants are entitled to summary judgment on the merits.
In Simmons, the plaintiff brought an action under § 1983 against police officers, claiming that his confession was coerced through racial slurs and physical force. Simmons, 77 F.3d at 1094. The Eighth Circuit applied the doctrine of collateral estoppel, commenting that "[p]rior state court adjudications are given preclusive effect even in later federal § 1983 actions," and that the scope of the preclusive effect was governed by the law of the state of the prior judgment. Id. at 1096. Simmons then held that plaintiff's excessive force and racial slurs claims were barred by issue preclusion because they *952 were "necessarily litigated and decided against [plaintiff] at the state suppression hearing." Id. at 1095. Simmons applied Missouri law.
In Missouri, issue preclusion will apply when: (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.
Id. at 1096 (citing State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994)). Therefore, any issues in the instant case which are identical to issues in the criminal case are precluded from being heard in this Court because plaintiffs were parties to the prior adjudication, there was a judgment on the merits, and they both had a full and fair opportunity to litigate these issues in the criminal trial.
At the criminal trial, defendant police officers, Dandridge and Clemens, testified that on the evening of December 31, 1996, into the morning of January 1, 1997, defendants Dandridge, Clemens, Eddie Simmons and Charles Hubbard, were patrolling the 5400 block of Oriole. See Transcript, filed March 15, 2000, (Doc. No. 0), at 186. A female citizen stopped Officer Simmons and when the officers got out of their cars to talk with her, they heard gunshots. Id. at 186-87, 289. Defendants' cars were parked directly in front of 5417 Oriole, and defendants Dandridge, Simmons and Hubbard approached plaintiffs from the north side of 5417 Oriole. Id. at 188-89, 290. Defendant Clemens approached plaintiffs from the south side of 5417 Oriole. Id. As the officers approached they saw four individuals firing weapons, and Officer Simmons called out, "Police. Don't move." Id. at 191-92, 292. At that point, plaintiff Anthony Stevenson, who had an assault rifle, brought his gun down and began firing at the officers. Id. at 194, 294. The other individuals also began firing their weapons and running. Id. at 194, 197, 295. Officers Dandridge, Simmons and Hubbard fired shots at the four individuals as they ran away. Id. at 195-96.
On the other hand, plaintiffs testified at trial that plaintiff Stevenson was in the alley, with his friend Mike, shooting an assault rifle into the air to celebrate the new year. Id. at 567-69, 644. The gun then jammed and Stevenson stepped under the streetlight to "unjam" the gun. Id. at 569-70, 645. At this point, plaintiff Jerome Jones walked up to Stevenson and Mike and started talking to them while Stevenson was trying to get the gun unjammed. Id. at 569, 645. Mike saw the police and said, "police," and plaintiffs saw a light flash, heard shots, and they all starting running. Id. at 572, 645. They were shot as they ran. Stevenson testified he did not shoot at the officers and Jones never had a gun. Id. at 647.
In the plaintiffs' criminal trial, the following jury instruction was submitted to the jury on the charges of assaulting the law enforcement officers:
... if you find and believe from the evidence beyond a reasonable doubt:
First, that on January 1, 1997, in the City of St. Louis, State of Missouri, the defendant Anthony Stevenson or defendant Jerome Jones or other persons attempted to cause physical injury to Charles Hubbard [ (Darnell Dandridge, Edward Simmons) ] by means of a deadly weapon by shooting at him, and
Second, that Charles Hubbard [ (Darnell Dandridge, Edward Simmons) ] was a law enforcement officer, and
Third, that defendant Anthony Stevenson or defendant Jerome Jones or other persons were aware that Charles Hubbard [ (Darnell Dandridge, Edward Simmons) ] was a law enforcement officer, *953 then you are instructed that the offense of assault of a law enforcement officer in the second degree has occurred....
Pl.Resp., filed Feb. 10, 2000, (Doc. No. 24), Exh. 3, at Inst. Nos. 6, 9, 12.
The jury heard the testimony of the plaintiffs and the defendants in the criminal trial as set forth supra, at 951-52. Therefore, the factual issue of whether shots were fired at the police officers has been resolved because the jury, pursuant to quoted instruction, convicted both plaintiffs of three counts of assault of a law enforcement officer in the second degree. Of necessity, then, the Court must find that the officers shooting at plaintiffs occurred after plaintiffs shot at them and fled the scene on foot. Under the teachings of Heck and Henderson, the Court may not revisit this factual issue because to do so would call into question plaintiffs' state court convictions.
Plaintiffs argue that the issue before the jury in the instant case will be whether defendant police officers used constitutionally excessive force by shooting them. See Pl.Resp., at 3. Pursuant to the law of this Court, there is no question that an officer firing shots at suspects constitutes a Fourth Amendment seizure. Henderson, 17 F.Supp.2d at 1047. "The relevant question, therefore, is whether [the officer's] actions were objectively reasonable under the circumstances." Id. In the instant case, it was permissible under the Fourth Amendment for the officers to use deadly force during plaintiffs' arrest. The Eighth Circuit has held that
The use of deadly force is constitutionally reasonable in certain limited circumstances "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given."
Krueger v. Fuhr, 991 F.2d 435, 438 (8th Cir.) (quoting Tennessee v. Garner, 471 U.S. 1, 11-12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)), cert. denied, 510 U.S. 946, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993).
Krueger involved a police officer, Fuhr, who was dispatched to an area where an assault had allegedly occurred. Id. at 436. Fuhr had a description of the suspect, Krueger, and was told that he was armed with a knife and under the influence of drugs. Id. at 436-37. Fuhr drove to the area, observed the suspect, ordered him to freeze. Id. at 437. At this point, Krueger fled and Fuhr witnessed him pull a knife from his waistband area. Id. Fuhr testified that he was fearful Krueger would turn around and attack him so he shot him four times in the back, killing him. Id. at 437.
Krueger held as a matter of law that Fuhr's actions were reasonable in light of "the point of view of a reasonable officer in the situation." Id. at 439. That court also commented that the fact that Krueger was shot in the back was not sufficient to establish a genuine issue of fact regarding the reasonableness of Fuhr's actions because "it is not remarkable that an escaping felony suspect would be shot in the back." Id. at 439-40.
This Court is bound by the factual determination made in the state court that plaintiffs shot at defendants and fled the scene on foot. Therefore, plaintiffs posed a very significant threat of death or serious physical injury to the officers. It was constitutionally reasonable for defendants to shoot at plaintiffs so as to prevent their escape.[2] The Court concludes that defendants *954 are entitled to summary judgment on the issue of excessive force.
The Court will also dismiss plaintiffs claim that defendants failed to properly train police officers. "The Eighth Circuit has repeatedly held that `in order for municipal liability to attach [for failure to train], there must first be an underlying violation of the plaintiff's constitutional rights by a municipal employee.'" Henderson, 17 F.Supp.2d at 1048 (quoting Roach v. City of Fredericktown, Mo., 882 F.2d 294, 298 (8th Cir.1989)). As the Court has found no constitutional violation in the instant case, this claim must fail.
For these reasons, defendants are entitled to summary judgment. An appropriate order is issued herewith.

ORDER
In accordance with the Memorandum filed herewith,
IT IS HEREBY ORDERED that the motion of defendants for summary judgment (Doc. No. 23) is sustained. The action is dismissed with prejudice. Any other pending motions are denied as moot.
NOTES
[1] Like Louisiana, in Missouri, self-defense can be a justification for assault of a law enforcement officer. See Mo.Rev.Stat. § 563.046(4). In the case at bar, self-defense is not a relevant issue because plaintiffs deny they fired at the police.
[2] Such a conclusion is consistent with Missouri law as well. See Mo.Rev.Stat. §§ 563.046(3) (a law enforcement officer may use deadly force if he reasonably believes that person "[m]ay otherwise endanger life or inflict serious physical injury unless arrested without delay").